**516**

■

### In re Petition for REINSTATEMENT to the Practice of Law OF Amos Simon COHEN, Registration No. 314420.

#### No. A10–2194.

Supreme Court of Minnesota.

May 4, 2011.

#### ORDER

Petitioner Amos Simon Cohen was admitted to practice law in the State of Minnesota in October 2001. In 2006, petitioner was hired by a law firm in Indiana. In January 2009, petitioner was placed on voluntary restricted status, pursuant to Rule 12.A of the Rules of the Minnesota State Board of Continuing Legal Education (CLE Rules). In April 2010, petitioner voluntarily resigned from the practice of law in Minnesota. In late fall 2010, petitioner was hired by a law firm in New York. In August 2010, petitioner filed a petition for reinstatement pursuant to Rule 18(a), Rules on Lawyers Professional Responsibility (RLPR). The Director of the Office of Lawyers Professional Responsibility investigated the matter and reported his conclusions to a panel of the Lawyers Professional Responsibility Board, pursuant to Rule 18(b), RLPR.

After considering the submissions of the parties, the panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to practice law and has met all of the conditions for reinstatement, except that petitioner is not current with continuing legal education requirements. The panel recommends that petitioner be reinstated to the practice of law and placed on voluntary restricted status until such time as petitioner becomes current with continuing legal education requirements. Petitioner and the Director accept the panel's recommendation.

The court has independently reviewed the file and approves the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Amos Simon Cohen is reinstated to the practice of law in Minnesota, subject to payment of the applicable registration fee under Rule 2, Rules of the Supreme Court on Lawyer Registration. Petitioner is placed on voluntary restricted status, as defined in Rule 12.B of the CLE Rules, and shall remain on voluntary restricted status until such time as petitioner complies with Rule 12.C of the CLE Rules (pertaining to transfer from restricted to active CLE status).

BY THE COURT:

/s/Alan C. Page
Associate Justice